IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

QUINCY MICHAEL PATRICK,     :    Civil No. 3:23-cv-1230
                     :
       Plaintiff     :    (Judge Mariani)
                     :
       v.          :
                     :
LUZERNE COUNTY CORRECTIONAL   :
FACILITY WEST LAW LIBRARY, *et al.*,  :
                     :
      Defendants     :

**MEMORANDUM**

Presently before the Court is a civil rights complaint pursuant to 42 U.S.C. § 1983, filed by Quincy Michael Patrick ("Patrick"), a former inmate housed at the Luzerne County Correctional Facility, in Wilkes-Barre, Pennsylvania.  (Doc. 1).  Patrick seeks to proceed *in forma pauperis*.  (Doc. 12).  The complaint is presently before the Court for preliminary screening pursuant to 28 U.S.C. § 1915A(a).  For the reasons set forth below, the Court will grant the motion to proceed *in forma pauperis* and dismiss the complaint with leave to amend.

I.    **Legal Standards**

The Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996), authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity.  *See* 28 U.S.C. § 1915(e)(2), 28 U.S.C. § 1915A.  The Court is required to identify

cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B), 28 U.S.C. § 1915A(b). This initial screening is to be done as soon as practicable and need not await service of process. *See* 28 U.S.C. § 1915A(a).

In dismissing claims under §§ 1915(e)(2) and 1915A, district courts apply the standard governing motions to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See, e.g.*, *Smithson v. Koons*, Civ. No. 15-01757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017) (stating "[t]he legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010) (explaining that when dismissing a complaint pursuant to § 1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)"); *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Federal Rule of Civil Procedure 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)).

A complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference

2

that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words, "factual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

*Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint: First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. *Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted). This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

*Id.*

Because Patrick proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).

## II.   Discussion

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

*Id.*; *see also Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002); *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996).  To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Patrick filed this § 1983 action against the Luzerne County Correctional Facility West Law Library, Luzerne County Correctional Officers on duty from June 18-24, 2023 and June 26-27, 2023, Luzerne County Funding Department/ Payroll, Luzerne County Courthouse Clerk of Court Employees, Luzerne County Correctional Nursing Staff/ Healthcare, Luzerne County Manager/ Management Department, Luzerne County Correctional Facility Law Library/ Funding/ Prison Administration, and Luzerne County and State Legal Assistance Program.  (Doc. 1).  Patrick alleges violations of his rights upon incarceration at the Luzerne County Correctional Facility on June 18, 2023.[1]  (*Id.* at p. 1).  It is quite clear that Patrick has

---

[1]   Patrick is deemed to have filed this civil rights action on July 20, 2023, the date on which he signed the complaint.  Patrick cannot possibly have exhausted his administrative remedies, as he is required to do by 42 U.S.C. § 1997e, before the filing of his complaint in federal court given the brief passage of time between the complained-of conduct and the initiation of this civil action in this Court. However, because Patrick alleges that he was "denied copies to submit [his] grievance" (Doc. 1, p. 1), the Court reviews the sufficiency of the complaint.  *See Ross v Blake*, 578 U.S. 632, 643-44 (2016) (an

failed to name any proper Defendants in this action.  As stated, section 1983 creates a

cause of action against every "person" who under color of state law deprives an individual of

a right secured by the Constitution or federal statute.  *See* 42 U.S.C. § 1983.  It is well-

settled that a prison or correctional facility is not a "person" within the meaning of § 1983

and that a department within a prison "may not be sued under 42 U.S.C. § 1983 since it is

not a person."  *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973).  Similarly, the Court of

Common Pleas of Luzerne County is not a proper party under § 1983.  *See Slewion v.

Court of Common Pleas Philadelphia County*, 403 F. App'x 727, 729 (3d Cir. 2010) (a

county court is not a "person" and cannot be sued under § 1983); *Benn v. First Judicial Dist.

of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005) (a county court is entitled to Eleventh Amendment

immunity).

In addition, after thoroughly reviewing the complaint and applicable law, the Court

draws on its judicial experience and concludes that the claims raised by Patrick are frivolous

and fail to state a claim for relief.  Patrick failed to provide any specific factual allegations to

support a claim against any properly named Defendant.  Under the most liberal

construction, Patrick's complaint fails to state a claim for relief.  It does not provide any

specific factual averments explaining how his constitutional rights were violated by each

individual Defendant.  This form of pleading is inadequate because it fails to allege facts that

---

administrative procedure is not available when it operates as a simple dead end; when it is so opaque that
it becomes incapable of use; and when prison officials "thwart inmates from taking advantage of a
grievance process through machination, misrepresentation, or intimidation").

give rise to a plausible claim for relief.  *See Hudson v. City of McKeesport*, 244 F. App'x 519, 522 (3d Cir. 2007) (affirming dismissal of defendant because complaint did not provide any basis for a claim against him).  Moreover, this Court has no authority to grant Patrick's request for "dismissal of certain charges against [him] of [his] choice."  (Doc. 1, p. 3).  And, Patrick's request for injunctive relief has been rendered moot by his release from incarceration.  *See Abdul-Akbar v. Watson*, 4 F.3d 195, 206-07 (3d Cir. 1993).

Based upon the above legal standards, it is clear that Patrick failed to properly set forth any factual allegations against any Defendant.  Without such factual allegations, it is impossible to conclude which Defendants deprived Patrick of his constitutional rights.  As such, the Court will dismiss the complaint as legally frivolous, for failure to state a claim, and based upon certain Defendants' immunity pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (ii), (iii) and § 1915A(b)(1), (2).  However, mindful of the wide latitude given to *pro se* plaintiffs, the Court will provide Patrick an opportunity to correct these pleading errors by filing an amended complaint.

### III.   <u>Leave to Amend</u>

The Court recognizes that the sufficiency of this *pro se* pleading must be construed liberally in favor of Patrick.  *See Erickson*, 551 U.S. 89.  The federal rules allow for liberal amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits."  *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted).  Consequently, a complaint should not be dismissed with prejudice for

failure to state a claim without granting leave to amend, "unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245 (citing *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004)).  The Court will afford Patrick the opportunity to amend the complaint.  The amended complaint must properly identify the correctional officers and employees he seeks to name as Defendants and must clearly state the basis for the claims lodged against each Defendant.

## IV.    Conclusion

Patrick's motion (Doc. 12) to proceed *in forma pauperis* will be granted.  The complaint (Doc. 1) will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (ii), (iii) and 28 U.S.C. § 1915A(b)(1), (2).  Patrick will be granted fourteen (14) days leave in which to file an amended complaint.  Failure to file a proper amended complaint within the time prescribed above will result in dismissal of this action.

A separate Order shall issue.



Robert D. Mariani
United States District Judge

Dated: October ___/ /___, 2023