IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| QUINCY MICHAEL PATRICK, | : | Civil No. 3:23-cv-1230 |
| Plaintiff | : | (Judge Mariani) |
| v. | : | |
| LUZERNE COUNTY CORRECTIONAL FACILITY WEST LAW LIBRARY, *et al.*, | : | |
| Defendants | : | |

## MEMORANDUM

Presently before the Court is a proposed amended civil rights complaint pursuant to 42 U.S.C. § 1983, filed by Quincy Michael Patrick ("Patrick"), a former inmate housed at the Luzerne County Correctional Facility, in Wilkes-Barre, Pennsylvania. (Doc. 17). The amended complaint is presently before the Court for preliminary screening pursuant to 28 U.S.C. § 1915A(a). For the reasons set forth below, the amended complaint will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i), (ii), (iii) and 28 U.S.C. §§ 1915A(b)(1), (2).

**I.    Legal Standards**

The Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996), authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity. *See* 28 U.S.C. § 1915(e)(2), 28 U.S.C. § 1915A. The Court is required to identify

cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B), 28 U.S.C. § 1915A(b). This initial screening is to be done as soon as practicable and need not await service of process. See 28 U.S.C. § 1915A(a).

In dismissing claims under §§ 1915(e)(2) and 1915A, district courts apply the standard governing motions to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See, e.g., Smithson v. Koons, Civ. No. 15-01757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017) (stating "[t]he legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010) (explaining that when dismissing a complaint pursuant to § 1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)"); *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Federal Rule of Civil Procedure 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)).

A complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words, "factual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

*Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint: First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. *Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted). This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

*Id.*

Because Patrick proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).

## II.  Discussion

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

*Id.*; *see also Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002); *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Patrick filed this § 1983 action against Jim Wilbur, Chris Dalessandro, Michelle Bednar, Joan Hoggarth, Anthony Ross, Thomas Hogans, Samuel Sanguedolce, Daniel Zola, the Luzerne County Correctional Facility West Law Library, Luzerne County Funding Department/ Payroll, Luzerne County Courthouse Clerk of Court Employees, Luzerne County Correctional Nursing Staff/ Healthcare, Luzerne County Manager/ Management Department, Luzerne County Correctional Facility Law Library/ Funding/ Prison Administration, Luzerne County and State Legal Assistance Program. (Doc. 17). Patrick alleges violations of his rights upon incarceration at the Luzerne County Correctional Facility on June 18, 2023. (*Id.* at p. 2).

By Memorandum and Order dated October 11, 2023, the Court screened Patrick's original complaint, dismissed the complaint, and granted him the opportunity to file an

amended complaint. (Docs. 13, 14). As Patrick was previously advised: "a prison or correctional facility is not a 'person' within the meaning of § 1983 and [] a department within a prison 'may not be sued under 42 U.S.C. § 1983 since it is not a person.'" (Doc. 13, p. 6, citing *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)). While the Court afforded Patrick the opportunity to file a proper amended complaint, he has once again named several improper Defendants—the Luzerne County Correctional Facility West Law Library, Luzerne County Funding Department/ Payroll, Luzerne County Management Department, Luzerne County Correctional Facility Law Library/ Funding/ Prison Administration, and Luzerne County and State Legal Assistance Program. These entities are not "persons" and are not amenable to suit under § 1983. *See Fischer*, 474 F.2d at 992 (state prison medical department not a "person" under § 1983); *Godfrey v. Little*, No. 22-0885, 2023 WL 6276702, at *2 (M.D. Pa. Sept. 26, 2023) ("States and their derivative governmental institutions, including the Department of Corrections, prisons, and prison medical departments, are not 'persons' for purposes of a civil rights action.") (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64, 70 (1989) (states and their derivative entities).

Regarding the Luzerne County Courthouse Clerk of Court Employees and Luzerne County Correctional Nursing Staff/ Healthcare, this Court cannot direct service upon the entire staff of these organizations. The proper parties in this suit would be the exact identity of the state actors whom Patrick believes actually violated his rights.

Patrick has also named as Defendants the following individuals: Jim Wilbur, Chris Dalessandro, Michelle Bednar, Joan Hoggarth, Anthony Ross, Thomas Hogans, Samuel Sanguedolce, Daniel Zola, and the Luzerne County Manager. Liberally construing the amended complaint, Patrick alleges interference with access to the courts, failure to provide medical care, and inadequate conditions of confinement.

Jim Wilbur is the Division Head of Correctional Services. (Doc. 17, pp. 11-12). Chris Dalessandro is the Budget/Finance Deputy Director of Luzerne County. Patrick does not allege that Defendant Wilbur directed the conduct complained of, or had knowledge of the conduct and acquiesced in it. Rather, Patrick simply alleges he was legally responsible for the overall operation of the prison. Similarly, Patrick appears to allege that Defendant Dalessandro was in charge of budgeting and finance for the county. (Doc. 17, pp. 7-9). He does not set forth any claims against the "Luzerne County Manager." It is clear that a claim of a constitutional deprivation cannot be premised merely on the fact that the named defendant was a supervisor when the incidents set forth in the complaint occurred. Quite the contrary, to state a constitutional tort claim the plaintiff must show that the supervisory defendants actively deprived him of a right secured by the Constitution. *Morse v. Lower Merion School Dist.*, 132 F.3d 902 (3d Cir.1997); *see also Maine v.Thiboutot*, 448 U.S. 1 (1980). Constitutional tort liability is personal in nature and can only follow personal involvement in the alleged wrongful conduct shown through specific allegations of personal direction or of actual knowledge and acquiescence in the challenged practice. *Robinson v.*

7

*City of Pittsburgh*, 120 F.3d 1286 (3d Cir. 1997). To the extent that Patrick premises liability of these particular Defendants upon the assertion that they were legally responsible for the overall operation of the prison and Finance Department, without setting forth any further factual basis for a claim against them, this cursory style of pleading is plainly inadequate to state a claim and compels dismissal of these Defendants.

Next, Patrick pursues claims against Michelle Bednar, the Clerk of Courts/Prothonotary Department Manager, and Joan Hoggarth, the County Judicial Services and Records Division Head. (Doc. 17, p. 9). He alleges that he wrote a letter to the Luzerne County Clerk of Courts seeking copies of court filings, and he "doesn't believe any were made" due to, *inter alia*, "lack of training." (*Id.*). Insofar as the claims against Defendants Bednar and Hoggarth are based on their supervisory roles, these claims fail. In the absence of evidence of supervisory knowledge and approval of subordinates' actions, a plaintiff may not maintain an action against supervisors based upon the misdeeds of their subordinates. Rather, "[p]ersonal involvement must be alleged *and is only present where the supervisor directed the actions of supervisees or actually knew of the actions and acquiesced in them. See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir.1988)." *Jetter v. Beard*, 183 F. App'x 178, 181 (3d Cir.2006) (emphasis added).

Finally, Patrick names as Defendants District Attorney Samuel Sanguedolce, First Assistant District Attorney Anthony Ross, Deputy District Attorney of Litigation Thomas Hogans, and Deputy District Attorney of Narcotics Daniel Zola. It is well-settled that

prosecutors enjoy absolute immunity for actions "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). The amended complaint does not contain any factual allegations against these prosecuting attorneys. To the extent that Patrick's claims against these individuals relate to their official prosecutorial duties, they are barred under the doctrine of absolute prosecutorial immunity. *See Donahue v. Gavin*, 280 F.3d 371, 377 n.15 (3d Cir. 2002) ("[A] prosecutor is absolutely immune [from a § 1983 suit seeking damages] when acting as an advocate in judicial proceedings.").

In accordance with the above legal standards, it is clear that Patrick failed to properly set forth any claims against any Defendant. As such, the Court will dismiss the complaint as legally frivolous, for failure to state a claim, and based upon certain Defendants' immunity pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (ii), (iii) and § 1915A(b)(1), (2).

## III.  Leave to Amend

The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). Further, "[a] district court has 'substantial leeway in deciding whether to grant leave to amend.'" *In re Avandia Mktg., Sales Practices & Products Liab. Litig.*, 564 F. App'x 672, 673 (3d Cir. 2014) (not precedential) (quoting *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000)). Based on the foregoing discussion, it would be futile to permit Patrick leave

to file a second amended complaint with respect to his § 1983 claims against the Defendants. Patrick "has already had two chances to tell his story." *Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019). Accordingly, "giving him further leave to amend would be futile." *Id.*

## IV. Conclusion

The proposed amended complaint (Doc. 17) will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i), (ii), (iii) and 28 U.S.C. §§ 1915A(b)(1), (2).

A separate Order shall issue.

_____
Robert D. Mariani
United States District Judge

Dated: November 4, 2023